IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| v. | : | CASE NO.: 1:13-CR-31 (WLS) |
| | : | |
| EARL PRICE, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Defendant Earl Price is charged in a five-count indictment with possession with intent to distribute cocaine and cocaine base and conspiracy to do the same. The indictment repeatedly refers to Price by alias, "the Cocaine Cowboy." On September 4, 2013, Price moved to redact and strike the alias as unduly prejudicial and as surplusage under Federal Rule of Criminal Procedure 7(d). The Government has not responded to the motion. The Court grants it.

Federal Rule of Criminal Procedure 7(d) provides that "[u]pon the Defendant's motion, the Court may strike surplasage from the indictment." Fed. R. Crim. P. 7(d). In general, "[a] motion to strike surplasage from an indictment should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial . . . . [T]his is a most 'exacting standard.'" *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (quoting *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990)). At the same time, however, federal courts typically disapprove of reference to aliases in an indictment unless good reason exists for their inclusion. *United States v. Wilkerson*, 456 F.2d 57, 59 (6th Cir. 1972) ("We strongly disapprove of the practice of including aliases in indictments."); *Doelle v. United States*, 309 F.2d 396, 396 (5th Cir. 1962) (holding that the use of an alias without proof, "while not to be commended,"

was not prejudicial error under the particular facts of the case). In the Eleventh Circuit, "[t]he use of an alias in an indictment and in evidence is permissible if it is necessary to connect the defendants with the acts charged." *United States v. Hines*, 955 F.2d 1449, 1454 (11th Cir. 1992) (quoting *United States v. Jorge-Salon*, 734 F.2d 789, 791–92 (11th Cir. 1984)).

There is no evidence in this case that the alias "Cocaine Cowboy" is relevant to the charges or necessary to connect the defendant to the acts charged. The Government has not presented evidence—and has not even offered argument—to justify referring to Price by his alleged alias. The Court agrees with Price that referring to him as "the Cocaine Cowboy" in a cocaine conspiracy case premised on circumstantial evidence is inflammatory and unduly prejudicial. Without a response to validate the alias's use, the Court is unaware of any good reason to risk prejudicing the defendant's right to a fair trial. *See United States v. Ramos*, 839, F. Supp. 781, 787–88 (D. Kan. 1993) (striking alias from indictment because government failed to show the alias was necessary to identify the defendant); *United States v. Curry*, 278 F. Supp. 508, 514 (N.D. Ill. 1967) (granting motion to strike alias because the Government did not file an objection to the motion and therefore "apparently acquiesce[d] in the request").

For those reasons, Price's motion is **GRANTED** and the alias "Cocaine Cowboy" is **STRICKEN** from the Indictment.

**SO ORDERED,** this   6th   day of November, 2013.

         /s/ W. Louis Sands
         **THE HONORABLE W. LOUIS SANDS**
         **UNITED STATES DISTRICT COURT**